UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FRONTIER COMMUNICATIONS OF
NEW YORK, INC.

                    Plaintiff,

    - against -

INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS, AFL-CIO, LOCAL UNION 503

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07-CV-10327
(Lynch, J.)
(Eaton, M.J.)


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6)


HOLM & O'HARA LLP
*Attorneys for Defendants*
*International Brotherhood of Electrical*
*Workers, AFL-CIO, Local Union 503*
3 West 35th Street, 9th Floor
New York, New York 10001
(212) 682-2280

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.      PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE
        DEFENDANT IBEW 503 HAS STANDING TO PURSUE THE
        GRIEVANCE ON BEHALF OF RETIREES . . . . . . . . . . . . . . . . . . . . . 5

        A.      Retirees Are Covered by the Collective Bargaining Agreement . . 5

        B.      Retirees' Consent is Not Required . . . . . . . . . . . . . . . . . . . . . . . . .9

II.     PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE
        THE CBA REQUIRES ARBITRATION OF THE GRIEVANCE . . . . . 12

        A.      Retiree Medical Benefits Are a Matter for Arbitration Pursuant to
                the CBA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

        B.      National Labor Policy Favors Arbitration Over Litigation . . . . . . 14

III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE
        THEY ARE NOT ENTITLED TO THE RELIEF SOUGHT . . . . . . . . . 15

        A.      The Court Should Deny Frontier's Demand for Discretionary
                Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

                i. Plaintiff Fails to State a Case of Actual Controversy . . . . . . . . 15

                ii. This Court Should Decline to Exercise Discretion . . . . . . . . . 16

        B.      The Court Should Deny Frontier's Demand for Injunctive
                Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

TABLE OF AUTHORITIES

**Pages**

**U.S. SUPREME COURT CASES**

Aetna Life Ins. Co. of Hartford v. Haworth,
300 U.S. 227 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Allied Chemical & Alkali Workers of America v. Pittsburgh Plate Glass Co.,
404 U.S. 157 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

AT&T Technologies, Inc. v. Comm. Workers of America et al.,
475 U.S. 643 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 18

Bell Atl. Corp. v. Twombly,
___ U.S. ___, 127 S. Ct 1955 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Conley v. Gibson,
355 U.S. 41 (1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Howsam v. Dean Witter Reynolds, Inc.,
537 U.S. 79 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

John Wiley & Sons, Inc. v. Livingston,
376 U.S. 543 (1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

Md. Cas. Co. v. Pac. Coal & Oil Co.,
312 U.S. 270 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

Public Affairs Associates v. Rickover,
369 U.S. 111 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

Schneider Moving & Storage Co. v. Robbins,
466 U.S. 364 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

United Steelworkers v. American Mfg. Co.,
363 U.S. 564 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 16, 17, 18

United Steelworkers v. Enterprise Wheel & Car Corp.,
363 U.S. 593 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13, 14, 17, 18

United Steelworkers v. Warrior & Gulf Navig. Co.,
363 U.S. 574 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13, 14, 17, 18

Wilton v. Seven Falls Co.,
515 U.S. 277 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

**U.S. CIRCUIT COURT OF APPEALS CASES**

Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Facetglas, Inc.,
845 F.2d 1250 (4th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

American Fed'n of Grain Millers v. Int'l Multifoods Corp.,
116 F.3d 976 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Bronx Household of Faith v. Bd. Of Educ. Of the City of New York,
331 F.3d 342 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Chambers v. Time Warner, Inc.,
282 F.3d 147 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

Cleveland Elec. Illuminating Co. v. Util. Workers Union of Am.,
440 F.3d 809 (6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Coca-Cola Bottling Co. of New York v. Soft Drink and Brewery Workers Union,
242 F.3d 52 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 17, 18

Crown Cork & Seal Co., Inc. v. Int'l Assn. of Machinists and Aerospace Workers,
501 F.3d 912 (8th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Int'l Assn. Machinists & Aerospace Workers v. Goodrich Corp.,
410 F.3d 204 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

ITT World Communications, Inc. v. Comm. Workers, Local 1174,
422 F.2d 77 (2d Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

JSG Trading Corp. v. Tray-Wrap, Inc.,
917 F.2d 75 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Register.com v. Verio, Inc.,
356 F.3d 393 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Rossetto v. Pabst Brewing Co., Inc.,
128 F.3d 538 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

Schweizer Aircraft Corp. v. Local 1752 UAW,
29 F.3d 83 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Time Warner Cable, Inc. v. DIRECTV, Inc.,
497 F.3d 144 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17, 18

United Food & Comm. Workers Int'l Union v. Alpha Beta Co.,
736 F.2d 1371 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10, 11

United Steelworkers of America, AFL-CIO, v. Canron, Inc.,
580 F.2d 77 (3d Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9, 11

Villager Pond, Inc. v. Town of Darien,
56 F.3d 375 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## U.S. DISTRICT COURT CASES

522 W. 38th St. NY LLC v. New York Hotel & Motel Trades Council,
517 F. Supp.2d 687 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17, 18

AIG Global Trade & Political Risk Ins. Co. v. Odyssey America Reinsurance Corp.,
2006 U.S. Dist. LEXIS 73258 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

Bowen v. Goldstein,
2007 U.S. Dist. LEXIS 92140 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

Cruise v. Doyle,
2008 U.S. Dist. LEXIS 1286 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Custom Metalcrafters & Erectors Corp. v. Local Union 580,
2006 U.S. Dist. LEXIS 61339 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Dr. Reddy's Labs., Ltd. v. AaiPharma Inc.,
2002 U.S. Dist. LEXIS 17287 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Harrison v. Harlem Hospital,
2007 U.S. Dist. LEXIS 71908 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

IBEW Local 1245 v. Citizens Telecommunications Co. of CA d/b/a/ Frontier Communications,
2006 U.S. Dist. LEXIS 31157 (E.D. Ca. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 11

Textile Workers of America v. Columbia Mills, Inc.,
471 F. Supp. 527 (N.D.N.Y. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Wright v. Giuliani,
2000 U.S. Dist. LEXIS 8322 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## FEDERAL STATUTES

FED. R. CIV. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 4

29 U.S.C. § 185 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 15

## PRELIMINARY STATEMENT

Defendant International Brotherhood of Electrical Workers, AFL-CIO, Local Union 503 ("IBEW 503") respectfully submits this memorandum of law in support of their motion to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6). See FED. R. CIV. P. 12(b)(6).

Plaintiff Frontier Communications of New York, Inc. ("FRONTIER") brought this action against IBEW 503 pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 and the Declaratory Judgment Act, 28 U.S.C. § 2201 by filing a Summons and Complaint in the Southern District of New York. See Declaration of Vincent F. O'Hara, Esq. ("O'Hara Decl."), Ex. "A," Complaint. FRONTIER seeks a declaratory judgment that IBEW 503 lacks standing to arbitrate its grievance which alleged that FRONTIER made unilateral modifications to retiree medical benefits in violation of the Collective Bargaining Agreement between FRONTIER and IBEW 503 ("CBA"). See Complaint, "Nature of the Action," & ¶ 32; O'Hara Decl. Ex. "B," CBA. FRONTIER attached the CBA to their Complaint as "Exhibit A." Therefore, the Court may consider the CBA on IBEW 503's Motion to Dismiss. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see Harrison v. Harlem Hospital, 2007 U.S. Dist. LEXIS 71908, at *4 (S.D.N.Y. 2007). Further, FRONTIER seeks injunctive relief to enjoin IBEW 503 from seeking to arbitrate or otherwise pursue the grievance until IBEW 503 obtains standing to arbitrate the grievance. See Complaint, "Nature of the Action" & ¶ 32.

Defendant IBEW 503 is entitled to a dismissal of the Complaint for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6) because: (1) IBEW 503 has standing to pursue the grievance on behalf of retirees; (2) the CBA requires

arbitration of the grievance; and (3) FRONTIER is not entitled to declaratory or injunctive relief. Defendant IBEW 503 now respectfully moves this Court for an order dismissing FRONTIER'S Complaint in its entirety for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).

## STATEMENT OF FACTS

Plaintiff FRONTIER is a New York Corporation that provides communications services in New York. See Complaint ¶ 4. Defendant IBEW 503 is a labor organization within the meaning of the LMRA and an unincorporated association recognized by FRONTIER as the exclusive bargaining representative for employees of FRONTIER. See Complaint ¶ 5; O'Hara Decl. Ex. "B," CBA, Article 3.1, p. 2. FRONTIER and IBEW 503 are parties to a collective bargaining agreement for the period February 1, 2004 through January 31, 2007 ("CBA"). See O'Hara Decl. Ex. "B," CBA; Complaint ¶ 6.

FRONTIER and IBEW 503 collectively bargained over retiree health benefits and agreed in the relevant CBA that "for any employee who retires and receives a Defined Service Pension, [FRONTIER] *will contribute* toward the basic Health Care coverage (Medical) at the rate of $250 for single and $375 for family coverage." See O'Hara Decl. Ex. "B," CBA, Article 28.3, p. 51 (emphasis added); Complaint ¶ 17. Article 5 of the CBA enumerates the classes of employees included in the bargaining unit and defines "Regular Employee" as "a person whose employment is reasonably expected to be permanent at the time they are engaged, and have [*sic*] complied with all the Company standards for employment, and has completed a probationary period of twelve (12) months." See id. at Article 5.1(a), p.5. Retirees are covered by the CBA because their employment is reasonably expected to be permanent at the time they began work,

complied with employment standards and completed a probationary period of twelve (12) months within the Article 5 definition of "Regular Employee." See id. at Article 5.1(a), p.5.

FRONTIER unilaterally modified the retiree medical benefits in violation of Article 28 of the CBA. See Complaint ¶ 18. As beneficiaries of the provisions of the CBA relating to retirees, the retirees and IBEW 503 were entitled to file a grievance protesting FRONTIER'S unilateral modification of the terms of the CBA pursuant to the "Grievance Procedure" set forth in Article 29. See O'Hara Decl. Ex. "B," CBA, Article 29, p. 53. Article 29 characterizes grievances as "between the Union or an employee in the Bargaining Unit and the Company." See id. at Article 29, p. 53. Since retirees are contemplated in the definition of "employee" within the meaning of the CBA, retirees are entitled to pursue Article 29 grievances. See O'Hara Decl. Ex. "B," CBA, Articles 5 & 29, pp. 5 & 53.

In the spring of 2005, IBEW 503 filed a grievance alleging that FRONTIER violated Article 28 of the CBA by making unilateral changes to retiree medical benefits. See Complaint ¶¶ 18 – 19. On or about May 11, 2005, IBEW 503 pursued the second step of the grievance procedure pursuant to Article 29. See Complaint ¶ 20. On or about July 11, 2005, FRONTIER denied the grievance defending that retirees do not qualify as "employees" covered by the CBA and that IBEW 503 is not a representative of the retirees. See Complaint ¶ 21. Following FRONTIER'S rejection, IBEW 503 filed a demand for arbitration on or about July 29, 2005 pursuant to Articles 29 & 30. See Complaint ¶ 22; O'Hara Decl. Ex. "B," CBA, Articles 29 & 30, pp. 53 – 54. On or about August 28, 2005, IBEW 503 withdrew the arbitration demand without prejudice to attempt to resolve the dispute through settlement discussions. The parties failed to come to a resolution of the dispute, and consequently, IBEW 503 renewed its' arbitration demand on or about October 26, 2007. See Complaint ¶¶ 23 – 24. IBEW 503 intends

to proceed with arbitration of the grievance pursuant to Articles 29 & 30 of the CBA and respectfully requests that this Court deny FRONTIER'S demand for a declaratory judgment and injunction to stay the arbitration and to find that FRONTIER'S Complaint must be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

## ARGUMENT

## STANDARD FOR MOTION TO DISMISS

Upon motion, a complaint may be dismissed where it fails to state a claim upon which relief may be granted. See FED. R. CIV. P. 12(b)(6). For a plaintiff to prevail on a 12(b)(6) motion to dismiss, the complaint must plead sufficient facts to state a claim with "plausible grounds" for relief. Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct 1955 at 1965 (2007) (overruling the long held "no set of facts" standard announced in Conley v. Gibson, 355 U.S. 41, 47 (1957), and holding that the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Bell Atl. Corp., 127 S. Ct. at 1965). See also Cruise v. Doyle, 2008 U.S. Dist. LEXIS 1286 at [* 4] (S.D.N.Y. 2008) (applying the Bell Atlantic standard to a complaint alleging a hybrid claim under Section 301 of the L.M.R.A. and granting the union and employer's joint motion to dismiss). Accepting all material facts in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the Court may consider any documents attached to the complaint, any documents alleged or referenced in the complaint, and any matters of judicial notice. See Chambers, 282 F.3d at 152-53; see also Harrison, 2007 U.S. Dist. LEXIS 71908, at *4.

## POINT I

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE DEFENDANT IBEW 503 HAS STANDING TO PURSUE THE GRIEVANCE ON BEHALF OF RETIREES

#### A. Retirees Are Covered By The Collective Bargaining Agreement

The CBA recognizes the IBEW 503 as the exclusive bargaining representative "of all employees in the unit . . . ." O'Hara Decl. Exhibit "B," CBA, Article 3.1, at p.2. See also Complaint ¶ 7. Article 5.1 of the CBA lists the types of employees included in the bargaining unit. See O'Hara Decl. Exhibit "B," CBA, Article 5.1, p. 5. A "Regular Employee" is defined as "a person whose employment is reasonably expected to be permanent at the time they are engaged, and have [*sic*] complied with all the Company standards for employment, and has completed a probationary period of twelve (12) months." See id. at Article 5.1(a), p.5. This definition is not limited to "current" employees and does not exclude "former" employees. A plain reading of this definition makes it unmistakably clear that a "Regular Employee" includes a retiree, since a retiree had a reasonable expectation of permanent employment at the time they were hired, complied with employment standards and worked longer than twelve (12) months. Therefore, IBEW 503 is the bargaining representative of retirees. See O'Hara Decl. Exhibit "B," CBA, Articles 3.1 & 5.1, pp. 2 & 5.

The CBA explicitly uses the words "retired," "retirees" and "retirement," in certain provisions, demonstrating FRONTIER and IBEW 503's intent to include retirees in the scope of the agreement. See O'Hara Decl. Exhibit "B," CBA, Articles 4.5, 28.1 – 28.3, pp. 4 – 5, & 50 – 51. In Article 28.3 of the CBA, FRONTIER agreed that "for any employee who retires and receives a Defined Service Pension, the Company *will contribute* toward the basic Health Care coverage (medical) at the rate of $250 for single and $375 for family coverage." O'Hara

5

Decl. Exhibit "B," CBA, Article 28.1, at p. 51 (emphasis added).  FRONTIER breached this contractual promise when it unilaterally changed the level of benefits given to retirees.  See Complaint ¶ 18.

FRONTIER alleges that the "Grievance Procedure" in Article 29 of the CBA applies only to disputes involving IBEW 503, or a *current* employee and FRONTIER.  See O'Hara Decl. Exhibit "B," CBA, Article 29, p. 53; Complaint ¶¶ 11 – 13 (emphasis added). FRONTIER contends that retirees alone, or through their bargaining representative IBEW 503, cannot pursue grievances pursuant to Article 29.  See O'Hara Decl. Exhibit "B," CBA, Article 29. p. 53; Complaint ¶¶ 11 – 13.  Yet, FRONTIER fails to cite to a provision of the CBA which expressly excludes retirees from pursuing Article 29 grievances.  See Complaint ¶¶ 1 – 32.  If FRONTIER intended to exclude retirees from pursuing grievances or limit the grievance procedure to "current employees" as alleged in their Complaint, FRONTIER should have bargained for an express clause to exclude or limit the class of people who could utilize the Article 29 CBA grievance procedure.

However, Article 29 contains no express limiting language.  See O'Hara Decl. Exhibit "B," CBA, Article 29. p. 53.  FRONTIER and IBEW 503 demonstrated elsewhere in the CBA that they knew how to clearly exclude or limit employees in CBA provisions by use of the words "former," "new," and "active" where limitation was their express intent.  See e.g., O'Hara Decl. Exhibit "B," CBA, Article 7.3, p. 9 ("former employees"); Article 9.8(e), p.21 ("new employees"); Article 23.6(1), p. 47 ("new employees"); Article 28.6, p. 53 ("active employee's").  See also ITT World Communications, Inc. v. Comm. Workers, Local 1174, 422 F.2d 77, 81 – 82 (2d Cir. 1970) (holding that the parties should have included language to preclude certain disputes from arbitration if that was their intent, since "the parties elsewhere in

the contract showed that they knew how to clearly exclude a subject from arbitration when they so desired"); Coca-Cola Bottling Co. of New York v. Soft Drink and Brewery Workers Union, 242 F.3d 52, 56 (2d Cir. 2001) (affirming decision to compel arbitration where employer expressly exempted certain disputes from arbitration).

　　　　While the Supreme Court has held that retirees are not employees and not members of the union in Allied Chemical & Alkali Workers of America v. Pittsburgh Plate Glass Co., Allied Chemical is inapposite to the facts of the current dispute. See Allied Chemical, 404 U.S. 157 (1971). The Court in Allied Chemical held only that an employer has no duty to bargain collectively with the duly recognized representative of its employees under the National Labor Relations Act ("NLRA") before unilateral modification of retiree benefits, which is a permissive subject of bargaining. See id. at 188 (holding that parties can permissively agree to bargain over retiree benefits). However, Allied Chemical did not address the instances where a union may act to enforce the terms of a collective bargaining agreement. See id. at 188.

　　　　In the present dispute, the issue is not whether the employer must bargain with the union over retiree benefits, but rather, whether the employer made a contractual promise to provide benefits to retirees. This case presents an issue of first impression in this district and in the Second Circuit. See American Fed'n of Grain Millers v. Int'l Multifoods Corp., 116 F.3d 976, 978 (2d Cir. 1997) (reasoning that because retirees were parties to the action, the issue of whether the union has standing to represent retirees would not be decided); Schweizer Aircraft Corp. v. Local 1752 UAW, 29 F.3d 83, 87 (2d Cir. 1994) (reserving issue because it is unclear whether a "union has standing under the CBA to assert the rights of individual retirees in a dispute with a former employer"). While the Circuit Courts that have addressed this issue vary, defendant IBEW 503 believes the most analogous and correct rationale is set forth in decisions

from the Northern District of New York and the Eastern District of California. See Textile

Workers of America v. Columbia Mills, Inc., 471 F. Supp. 527, 530-31 (N.D.N.Y. 1978)

(holding that a grievance was subject to arbitration where the employer purported to eliminate

retiree benefits which were guaranteed by an agreement because the dispute was contractual in

nature, between the employer and union, unlike the dispute in Allied Chemical); IBEW Local

1245 v. Citizens Telecommunications Co. of CA d/b/a/ Frontier Communications, 2006 U.S.

Dist. LEXIS 31157 (E.D. Ca. 2006) (9th Circuit appeal pending) (granting union's motion to

compel arbitration of grievance regarding employer's unilateral modification of retiree benefits

because it was a contractual dispute unlike the facts of Allied Chemical). Further, the Court in

IBEW Local 1245 noted that:

> The difference between *Allied Chemical* and this case stems from
> the structure of the LRMA. The act divides responsibility for labor
> relations management and entrusts the NLRB with responsibility
> for identifying unfair labor practices, as defined by statute.
> Meanwhile, "[t]he district court is vested with limited jurisdiction
> pursuant to *section 301* of the [LMRA]" to resolve "'[s]uits for
> violation of *contracts* between an employer and a labor
> organization representing employees in an industry affecting
> commerce.'" Amalgamated Clothing & Textile Workers Union,
> AFL-CIO v. Facetglas, Inc., 845 F.2d 1250, 1252 (4th Cir. 1988)
> (quoting 29 U.S.C. § 185(a)) (emphasis added). *Allied Chemical*
> involved a union's claim that unilateral changes to retiree benefits
> as agreed to in the CBA constituted an unfair labor practice. In
> contrast, the instant action involves a union's purely contractual
> claim that the employer violated the express terms of its CBA with
> the union.

IBEW Local 1245, 2006 U.S. Dist. LEXIS 31157 at [*9], fn. 3 (emphasis in original).

Like the disputes in IBEW Local 1245 and Textile Workers, defendant IBEW

503's grievance is a disagreement between IBEW 503 and FRONTIER over a contractual

provision of the CBA. Since FRONTIER guaranteed benefits to retirees in the CBA, "then

under accepted contract principles the union has a legitimate interest in protecting the rights of

the retirees and is entitled to seek enforcement of the applicable contract provisions." <u>United Steelworkers of America, AFL-CIO, v. Canron, Inc.</u>, 580 F.2d 77, 80-81 (3d Cir. 1978). The retirees affected by this unilateral, non-collectively bargained modification by FRONTIER, as represented by IBEW 503, grieve FRONTIER'S breach of the CBA pursuant to the "Grievance Procedure" in Article 29. <u>See</u> O'Hara Decl. Exhibit "B," CBA, Article 29, p. 53. Therefore, as the exclusive bargaining representative of retirees, defendant IBEW 503 has standing to pursue the retirees' grievance against FRONTIER. FRONTIER'S Complaint should be dismissed for failure to state a plausible claim that defendant IBEW 503 lacks standing to pursuant the grievance.

## B. Retirees' Consent is Not Required

FRONTIER contends that IBEW 503 requires the consent of retirees to obtain standing to pursue a grievance regarding retiree health benefits. <u>See</u> Complaint ¶¶ 29 – 32. The issue of whether retiree consent is required has not been addressed in the Second Circuit. <u>See</u> <u>Int'l Multifoods Corp.</u>, 116 F.3d at 978 (declining to address the issue of retiree consent and union standing because the retirees were parties to the action); <u>Schweizer Aircraft Corp.</u>, 29 F.3d at 87 (declining to decide the issue of union standing because the grievance was filed while grievant was still an active employee). As an issue of first impression, this Court may consider the law in other Circuits.

The Court should consider analogous caselaw from Circuits holding that retiree consent is not required and unions have standing to enforce their collective bargaining agreements. <u>See</u> <u>e.g.</u>, <u>Canron</u>, 580 F.2d at 81 – 82 (holding that the union has standing to represent the retirees in pursuing arbitration of the labor agreement because "the arbitrability of the dispute – the 'bottom line' is not calculated by the status of the grievants but by the nature

and duties of the obligations of the parties under the contract"); IBEW Local 1245, 2006 U.S.

Dist. LEXIS at [*15] (holding that the union has standing to represent retirees in compelling

employer to arbitrate unilateral adjustment of retiree benefits); United Food & Comm. Workers

Int'l Union v. Alpha Beta Co., 736 F.2d 1371 (9th Cir. 1984) (holding that union has standing to

represent transferred employees that were no longer part of bargaining unit in compelling

employer to arbitrate dispute over collective bargaining agreement provision and analogizing the

disputed provision to collective bargaining agreements that provide for retirement and pension

benefits to employees after they have retired).

      Several Circuits ruled that retiree consent is required for the union to have

standing to enforce collective bargaining agreements.  See e.g. Rossetto v. Pabst Brewing Co.,

Inc., 128 F.3d 538 (7th Cir. 1997) (holding that the union lacks standing to arbitrate a grievance

on behalf of retirees absent their consent where the retirees' benefits were terminated after the

expiration of the collective bargaining agreement); Cleveland Elec. Illuminating Co. v. Util.

Workers Union of Am., 440 F.3d 809, 817 (6th Cir. 2006) (holding that the presumption of

arbitrability applies to disputes over retiree benefits and union can represent retirees with their

consent); Int'l Assn. Machinists & Aerospace Workers v. Goodrich Corp., 410 F.3d 204, 206 (5th

Cir. 2005)  (affirming that a union has standing to represent retirees under § 301 where union

filed retirees' "representation authorization forms" in support of its motion for summary

judgment); Crown Cork & Seal Co., Inc. v. Int'l Assn. of Machinists and Aerospace Workers,

501 F.3d 912 (8th Cir. 2007) (holding presumption of arbitrability does not apply where

agreements to provide retiree benefits are outside the scope of agreements to arbitrate).

      However, Rossetto, Cleveland Electric, and Goodrich are clearly distinguishable

from the instant dispute.  Rossetto involved retirees who sought to enforce benefits that were

changed *after* the collective bargaining agreement expired and the Court held that the union needed the retirees' consent, but "reiterate[d] that we are not holding that a union can never represent retirees in arbitration." Rossetto, 128 F.3d at 541. Here, FRONTIER unilaterally modified retiree benefits *during* the term of the CBA, a clear contractual violation which the union has standing to protest, and IBEW 503 filed a grievance prior to the expiration of the CBA in 2007. The Goodrich Court addressed whether the Fifth Circuit had appellate jurisdiction over an appeal of partial summary judgment compelling arbitration. See Goodrich, 410 F.3d at 206. In support of their motion, the union filed the retirees' "representation authorization" forms with the district court. See id. Therefore, the Court did not address whether the union had standing to arbitrate retiree benefits since the retirees' consent was already obtained. In Cleveland Electric, the Court held that retiree consent is necessary in order to avoid res judicata issues where an individual retiree sues the employer in a subsequent lawsuit. See Cleveland Electric, 440 F.3d at 817. However, the Court recognized that "it is not this court's responsibility, however, to define the consent requirement for the parties. The arbitrator is in a much better position to establish the consent guidelines." Id. at 818.

IBEW 503 has the requisite standing to pursue arbitration of retiree benefits without the consent of retirees. See e.g., Canron, 580 F.2d at 81 – 82; IBEW Local 1245, 2006 U.S. Dist. LEXIS at [*15], Alpha Beta Co., 736 F.2d at 1371. Courts require retiree consent only where the collective bargaining agreement expired or where the union has no contractual claim under collective bargaining agreement. See e.g., Rossetto, 128 F.3d at 539; Crown Cork & Seal Co., 501 F.3d at 919. Since IBEW 503's grievance was filed *prior* to the expiration of the CBA and the individual retirees and IBEW 503 have a contractual claim under the CBA pursuant

to Section 301 of the LMRA, the retirees' consent is not required for IBEW 503 to have standing to arbitrate FRONTIER'S breach of the CBA.

The issue for this Court on defendant IBEW 503's motion to dismiss "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support [his] claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995). FRONTIER'S Complaint fails to allege facts to state a plausible claim that IBEW 503 lacks standing to arbitrate the grievance and FRONTIER should not be entitled to offer additional evidence to support their conclusory allegations. Therefore, FRONTIER'S Complaint should be dismissed pursuant to Rule 12(b)(6).

## POINT II

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE CBA REQUIRES ARBITRATION OF THE GRIEVANCE

#### A. Retiree Medical Benefits Are a Matter for Arbitration Pursuant to the CBA

The procedure for resolution of "*[a]ny* grievance which may arise between the *Union* or *any employee* in the Bargaining unit and the Company" is set forth in Article 29 of the CBA. O'Hara Decl. Exhibit "B," CBA, Article 29, p. 53 (emphasis added); Complaint ¶ 10. "A grievance is defined as a disagreement concerning the interpretation or application of the terms of this Agreement." O'Hara Decl. Exhibit "B," CBA, Article 29, p. 53. Since the definition of "employee" can be interpreted to include retirees, retirees are entitled to pursue "*any* grievance," including Article 29 grievances against FRONTIER. See Point I, Part "A," supra; O'Hara Decl. Exhibit "B," CBA, Articles 5 & 29, pp. 5 & 53. Article 30 of the CBA provides if that a grievance is not settled pursuant to the procedures set forth in Article 29 and the union makes a request "within sixty (60) days of the inception of the grievance it *shall* be submitted to a Board of Arbitration . . . ." O'Hara Decl. Exhibit "B," CBA, Article 30, p. 54 (emphasis added).

Parties to a collective bargaining agreement which provides for compulsory arbitration must submit all disputes arguably covered by the agreement to arbitration. See United Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960); United Steelworkers v. Warrior & Gulf Navig. Co., 363 U.S. 574, 582-83 (1960) (finding that courts should only determine whether "the arbitration clause is . . . susceptible of an interpretation that covers the asserted dispute" and that doubts should "be resolved in favor of coverage"); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960) (collectively "Steelworkers Trilogy"). The Court's role is limited to determining "questions of arbitrability," or the "gateway dispute[s] about whether the parties are bound by a given arbitration clause." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002). See also AT&T Technologies, Inc. v. Comm. Workers of America et al., 475 U.S. 643, 656 (1986) (reasoning that "the question of arbitrability – whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance – is undeniably an issue for judicial determination.").

The Steelworkers Trilogy established that arbitration is a matter of contract. See Warrior & Gulf, 363 U.S. at 582; American Mfg. Co., 363 U.S. at 570. FRONTIER and IBEW 503 collectively bargained and agreed that FRONTIER "will contribute" towards health benefits for retiring employees. See O'Hara Decl. Exhibit "B," CBA, Article 28.3, p. 50. IBEW 503 and the retiree employees are entitled to pursue "*any* grievances" against FRONTIER regarding the interpretation and applicability of the contractual promise contained in Article 28.3. See O'Hara Decl. Exhibit "B," CBA, Article 30, p. 53. Where a collective bargaining agreement contains a standard arbitration clause, as the CBA in the present dispute contains at Article 30, the presumption of arbitrability applies unless there exists an "express provision excluding a particular grievance from arbitration," or "forceful evidence of a purpose to exclude the claim

from arbitration." AT&T Technologies, Inc., 475 U.S. at 657, quoting Warrior & Gulf, 363 U.S. at 584 – 85. FRONTIER'S Complaint neither alleges an express provision excluding grievances of Article 28.3 from arbitration, nor alleges facts to state a plausible purpose or intent to exclude these grievances from arbitration. See Complaint ¶¶ 1 – 32. Therefore, FRONTIER'S Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a plausible claim that retiree health benefits are not subject to arbitration under the CBA.

### B.  National Labor Policy Favors Arbitration Over Litigation

FRONTIER'S Complaint should be dismissed because federal labor policy favors the resolution of disputes through arbitration, rather than federal court litigation. See John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 549 – 51 (1964) (holding that under principles of national labor policy, the employer was obligated to arbitrate the dispute); Warrior & Gulf, 363 U.S. at 578 (describing arbitration as "part and parcel of the collective bargaining process itself"); Enterprise Wheel & Car, 363 U.S. at 596 (stating that federal policy prefers settling disputes by arbitration).  The presumption favoring arbitration "recognizes the greater institutional competence of arbitrators in interpreting collective-bargaining agreements." AT&T Technologies, Inc., 475 U.S. at 657, quoting Schneider Moving & Storage Co. v. Robbins, 466 U.S. 364, 371 – 72 (1984).  Collective bargaining "promot[es] industrial harmony" and establishes the rights and duties of the parties. AT&T Technologies, Inc., 475 U.S. at 657.

Moreover, FRONTIER'S initiation of this litigation ignores the purposes and objectives of alternative dispute resolution mechanisms, which are to conserve the parties' time and resources through informal resolution of the dispute before an impartial arbitrator who is well-versed in the substantive law underlying the dispute. See e.g., AIG Global Trade & Political Risk Ins. Co. v. Odyssey America Reinsurance Corp., 2006 U.S. Dist. LEXIS 73258

(S.D.N.Y. 2006) (noting that "arbitration is supposed to conserve the time and resources of both the courts and the parties") (citation omitted). Therefore, FRONTIER'S Complaint should be dismissed as against the longstanding federal labor policy favoring arbitration of the dispute in the present action.

## POINT III

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THEY ARE NOT ENTITLED TO THE RELIEF SOUGHT

### A.  The Court Should Deny Frontier's Demand for Discretionary Relief

#### i.  Plaintiff fails to state a case of actual controversy

FRONTIER seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. See Complaint, "Nature of the Action," & ¶ 32. The Declaratory Judgment Act creates a remedy "[i]n a case of actual controversy within its jurisdiction" whereby any district court "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a) (emphasis added). FRONTIER requests that the Court declare that IBEW 503 lacks standing to pursue the grievance regarding Article 28.3. See Complaint, "Nature of the Action," & ¶¶ 31 & 32.

FRONTIER'S Complaint fails to state a plausible claim that IBEW 503 lacks standing and therefore does not present a "case of actual controversy" for this Court's consideration. See Point I, supra. See Aetna Life Ins. Co. of Hartford v. Haworth, 300 U.S. 227, 239-40 (1937) (ruling that a lawsuit seeking declaratory relief must present an actual "case or controversy" within the meaning of Article III, Section 2 of the United States Constitution). In determining whether there exists an "actual controversy," the Court must consider "whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse

legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment." <u>Md. Cas. Co. v. Pac. Coal & Oil Co.</u>, 312 U.S. 270 (1941) (enumerating standard for

determining whether an "actual controversy" exists under the Declaratory Judgment Act).

  As set forth in Points I & II, <u>supra</u>, no substantial controversy exists between

FRONTIER and IBEW 503 because the dispute is arbitrable pursuant to the CBA.  <u>See</u> Point I &

II, <u>supra</u>.  Where parties agree to submit questions regarding the interpretation and applicability

of collective bargaining provisions to arbitration, as FRONTIER and IBEW 503 agreed in the

CBA, a court's role "is confined to ascertaining whether the party seeking arbitration is making a

claim which on its face is governed by the contract.  Whether the moving party is right or wrong

is question of contract interpretation for the arbitrator." <u>American Mfg. Co.</u>, 363 U.S. at 567 –

68.    Further, no sufficient immediacy exists which would entitle FRONTIER to a declaratory

judgment, as the disputed grievance between the parties has remained unresolved since 2005.

<u>See</u> Complaint ¶ 24.  IBEW 503 renewed its arbitration demand in 2007 and is entitled to

arbitrate the grievance pursuant to the CBA.  <u>See</u> Complaint ¶ 24.  Therefore, no "case of actual

controversy" exists and FRONTIER'S request for a declaratory judgment must be denied

pursuant to the Declaratory Judgment Act.  <u>See</u> <u>Dr. Reddy's Labs., Ltd. v. AaiPharma Inc.</u>, 2002

U.S. Dist. LEXIS 17287 (S.D.N.Y. 2002) ("If no actual case or controversy exists between the

parties regarding the subject on which declaratory judgment is sought, the court lacks subject

matter jurisdiction").

### ii.  This Court should decline to exercise discretion

  FRONTIER'S Complaint should be dismissed because the requested relief is

*discretionary*.  <u>See</u> <u>Public Affairs Associates v. Rickover</u>, 369 U.S. 111, 112 (1962) (recognizing

that the Declaratory Judgment Act "gave the federal courts competence to make a declaration of

rights; it did not impose a duty to do so"). The Supreme Court stated that a district court has discretion to stay or dismiss an action seeking a declaratory judgment because the Declaratory Judgment Act is "'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995) (citation omitted).

Applying the presumption of arbitrability to this CBA and deferring to national labor policy favoring arbitration, this Court should use its discretion to find IBEW 503's grievance arbitrable under the CBA. See Steelworkers Trilogy; AT&T Technologies, 475 U.S. at 648 – 50; Coca-Cola Bottling Co. of New York, 242 F.3d at 57 (reiterating that arbitration should be denied only if it is clear that the arbitration clause cannot be interpreted to cover the dispute). Therefore, this Court has full authority to deny FRONTER'S requested relief and dismiss the Complaint based on the points set forth in defendant IBEW 503's motion to dismiss pursuant to Rule 12(b)(6).

**B. The Court Should Deny Frontier's Demand for Injunctive Relief**

FRONTIER'S demand for injunctive relief should be denied because they fail to plead facts which would plausibly satisfy the high standard necessary for granting preliminary injunctions. See Complaint ¶¶ 1 – 32. "'A party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied.'" 522 W. 38th St. NY LLC v. New York Hotel & Motel Trades Council, 517 F. Supp.2d 687, [*2] (S.D.N.Y. 2007) (denying petitioner's request for relief because elements of preliminary injunction not satisfied), quoting Time Warner Cable, Inc. v. DIRECTV, Inc., 497

F.3d 144, 152-53 (2d Cir. 2007) (affirming grant of preliminary injunction in part where irreparable harm proven due to false advertising).

FRONTIER is not likely to succeed on the merits of this case because established principles of law favor applying the presumption of arbitrability to this dispute in favor of IBEW 503. See Steelworkers Trilogy; AT&T Technologies, 475 U.S. at 648 – 50; Coca-Cola Bottling Co. of New York, 242 F.3d at 57. There is no likelihood of irreparable harm to FRONTIER in proceeding to arbitrate the grievance. An adverse decision by an arbitrator cannot be characterized as "irreparable harm" to an employer. FRONTIER'S failure to allege any facts plausibly showing a likelihood of success on the merits, or serious questions going to the merits, and failure to allege facts plausibly showing a likelihood of irreparable injury if the injunction is denied is fatal to their demand for equitable relief. Consequently, this Court should deny FRONTIER'S request for an injunction and dismiss the Complaint. See Complaint ¶¶ 1 – 32.

Moreover, injunctive relief is a drastic pre-judgment remedy which should not be given freely. See e.g., Register.com v. Verio, Inc., 356 F.3d 393, 426 (2d Cir. 2004) (affirming district court's grant of preliminary injunction where plaintiff showed likelihood of success on the merits and threat of irreparable harm); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 80 (2d Cir. 1990) (vacating district court's grant of injunction because appellee did not show irreparable harm and could be adequately compensated by money damages. "[A] preliminary injunction is an extraordinary remedy that should not be granted as a routine matter."). A preliminary injunction "is particularly disfavored when its effect, if granted, would be to stay an ongoing labor arbitration." 522 W. 38th St. NY LLC, 517 F. Supp.2d. at [*2]. In fact, where the injunction seeks to "alter rather than maintain the status quo," the plaintiff is held to a higher standard and must show a "'clear or substantial likelihood of success.'" Bowen v. Goldstein,

2007 U.S. Dist. LEXIS 92140 [*8] (S.D.N.Y. 2007) (denying injunction relief where plaintiff failed to show "clear or substantial likelihood of success on the merits"), quoting Bronx Household of Faith v. Bd. Of Educ. Of the City of New York, 331 F.3d 342, 349 (2d Cir. 2003) (affirming grant of preliminary injunction where plaintiff showed irreparable harm and likelihood of success on the merits).  In addition to FRONTIER'S high burden to show irreparable harm and clear of substantial likelihood of success to be entitled to injunctive relief, FRONTIER must also overcome the presumption arbitrability that applies to labor law contracts. See e.g., Custom Metalcrafters & Erectors Corp. v. Local Union 580, 2006 U.S. Dist. LEXIS 61339 (S.D.N.Y. 2006) (finding that because the dispute is arbitrable, "it necessarily follows that plaintiff has shown *neither* a likelihood of success on the merits, *nor* a sufficiently serious question going to the merits along with a balance of hardships tipping decidedly toward it to warrant the grant of a preliminary injunction barring arbitration.")(emphasis added).

FRONTIER'S request for injunctive relief must be denied for failure to allege facts showing a clear or substantial likelihood of success on the merits and failing to allege any facts plausibly showing a threat of irreparable injury if the injunction is denied. See Wright v. Giuliani, 2000 U.S. Dist. LEXIS 8322 at [*4] (S.D.N.Y. 2000) (ruling that a 12(b)(6) dismissal is proper where a plaintiff fails to plead the basic elements of a claim entitling him to relief). Therefore, FRONTIER'S Complaint should be dismissed for failure to state a plausible claim for relief pursuant to Rule 12(b)(6).

## CONCLUSION

For all of the foregoing reasons, Defendant IBEW 503 respectfully requests that this motion for an order dismissing the Complaint against them for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6) be granted in its entirety, together with such other and further relief as the Court seems just and proper.

Dated: New York, New York
      January 18, 2008

                        Respectfully submitted,

                        HOLM & O'HARA LLP
                        *Attorneys for Defendants*
                        *International Brotherhood of Electrical*
                        *Workers, AFL-CIO, Local Union 503*

                     By:  /s/Vincent F. O'Hara
                         Vincent F. O'Hara
                         Marion M. Lim
                         3 West 35th Street, 9th Floor
                         New York, New York 10001
                         (212) 682-2280

TO:    Thomas M. Beck, Esq.
       JONES DAY
       *Attorneys for Plaintiff Frontier*
       *Communications of New York, Inc.*
       51 Louisiana Avenue, N.W.
       Washington, D.C. 20001
       (202) 879-3939

       Wendy C. Butler, Esq.
       JONES DAY
       *Attorneys for Plaintiff Frontier*
       *Communications of New York, Inc.*
       222 East 41st Street
       New York, New York 10017
       (212) 326-3939