UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FRONTIER COMMUNICATIONS OF  :
NEW YORK, INC.              :
                            :
                 Plaintiff, :
                            :
       - against -          :
                            :  07-CV-10327
INTERNATIONAL BROTHERHOOD OF ELECTRICAL : (Lynch, J.)
WORKERS, AFL-CIO, LOCAL UNION 503  : (Eaton, M.J.)
                            :
                 Defendant. :
                            :
------------------------------------------------------------x


**DEFENDANT'S REPLY MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**




HOLM & O'HARA LLP
*Attorneys for Defendant*
*International Brotherhood of Electrical*
*Workers, AFL-CIO, Local Union 503*
3 West 35th Street, 9th Floor
New York, New York 10001
(212) 682-2280

## TABLE OF CONTENTS

                                                                                                         Page

TABLE OF AUTHORITIES ............................................................ ii

PRELIMINARY STATEMENT ........................................................ 1

ARGUMENT .................................................................................. 1

    I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE INSTANT DISPUTE INVOLVES ISSUES THAT SHOULD BE DECIDED BY AN ARBITRATOR ............................... 1

    II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THEY FAIL TO MEET THE STANDARDS ENTITLING THEM TO DECLARATORY AND INJUNCTIVE RELIEF ................. 3

        A.    Plaintiff fails to show why they are entitled to either a preliminary or permanent injunction ........................... 3

        B.    Plaintiff's Complaint should be dismissed for failure to demonstrate injury in fact or any contractual violation by IBEW 503 ............................................................ 6

CONCLUSION .............................................................................. 8

i

# TABLE OF AUTHORITIES

**Pages**

**U.S. SUPREME COURT CASES**

Amoco Production Co. v. Village of Gambell,
480 U.S. 531 (1987) .................................................. 4

AT&T Technologies, Inc. v. Comm. Workers of America et al.,
475 U.S. 643 (1986) .................................................. 3

Ebay Inc. v. Mercexchange, L.L.C.,
547 U.S. 388 (2006) .................................................. 5

Howsam v. Dean Witter Reynolds, Inc.,
537 U.S. 79 (2002) ................................................... 2

Lujan v. Defenders of Wildlife,
504 U.S. 555 (1992) .................................................. 6


**U.S. CIRCUIT COURT OF APPEALS CASES**

Cleveland Elec. Illuminating Co. v. Util. Workers Union of Am.,
440 F.3d 809 (6th Cir. 2006) ........................................ 2, 6

Correspondent Servs. Corp. v. First Equities Corp. of Florida,
442 F.3d 767 (2d Cir. 2006) ......................................... 7

Crown Cork & Seal Co., Inc. v. Int'l Assn. of Machinists and Aerospace Workers,
501 F.3d 912 (8th Cir. 2007) ........................................ 6

Int'l Assn. Machinists & Aerospace Workers v. Goodrich Corp.,
410 F.3d 204 (5th Cir. 2005) ....................................... 6, 7

Lusk v. Village of Cold Spring,
2007 U.S. App. LEXIS 3590 (2d Cir. 2007) ............................ 4

New York State Nat'l Org. for Women v. Terry,
886 F.2d 1339 (2d Cir. 1989) ........................................ 5

Rossetto v. Pabst Brewing Co., Inc.,
128 F.3d 538 (7th Cir. 1997) ....................................... 5, 6

United States v. Vasquez,
145 F.3d 74 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**U.S. DISTRICT COURT CASES**

325 Bleecker, Inc. v. Local Union 747, United Bhd. Of Carpenters and Joiners of America,
500 F. Supp. 2d 110 (N.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 7

IBEW Local 1245 v. Citizens Telecommunications Co. of CA d/b/a/ Frontier Communications,
2006 U.S. Dist. LEXIS 31157 (E.D. Ca. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**FEDERAL STATUTES**

FED. R. CIV. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 8

29 U.S.C. § 185 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

## PRELIMINARY STATEMENT

Defendant International Brotherhood of Electrical Workers, AFL-CIO, Local Union 503 ("IBEW 503") respectfully submits this Reply Memorandum of Law in support of their Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6). See FED. R. CIV. P. 12(b)(6).

Defendant IBEW 503 is entitled to a dismissal of the Complaint for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6) because: (1) the disputed issues should be before an arbitrator, not the Court; and (2) FRONTIER fails to meet the standards for this Court to grant them the relief demanded.

## ARGUMENT

### POINT I

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THE INSTANT DISPUTE INVOLVES ISSUES THAT SHOULD BE DECIDED BY AN ARBITRATOR**

As signatories to the collective bargaining agreement, FRONTIER and IBEW 503 negotiated the retiree benefits in Article 28 ("the Company *will contribute* toward the basic Health Care coverage"), the broad grievance procedure in Article 29 ("*[a]ny* grievance which may arise between the union and any employee"), and the mandatory arbitration agreement in Article 30 ("within sixty (60) days of the inception of the grievance it *shall* be submitted to a Board of Arbitration"). See CBA, Articles 28 – 30, at pp. 51, 53 & 54 (emphasis added). Once the parties agree to the terms in the CBA, any disagreement regarding the interpretation or application of those terms is subject to the broad arbitration clause in Article 30. Therefore, the

issues in the instant dispute are for the arbitrator, not this Court, and FRONTIER has failed to state a cause of action in their Complaint.

As a contracting party, IBEW 503 is entitled to enforce the terms of the CBA against the signatory FRONTIER. FRONTIER defends that IBEW 503 lacks standing to represent retirees in their grievance. Complaint ¶¶ 29 & 31, Pl. Mem. at pp. 6 – 10. Although IBEW 503 believes they possess the requisite standing to represent retirees, the issue of whether IBEW 503 has or lacks standing is an issue for the arbitrator. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 85 (2002) (concluding that procedural questions such as "allegations of waiver, delay, or a like defense to arbitrability" are "presumptively *not* for the judge, but for an arbitrator, to decide")(citations omitted)(emphasis in original). The Supreme Court ruled that:

> in the absence of an agreement to the contrary, issues of substantive arbitrability . . . are for a court to decide and issues of procedural arbitrability, *i.e.*, whether prerequisites such as time limits, notice, laches, estoppel and *other conditions precedent to an obligation to arbitrate* have been met, are for the arbitrators to decide.

Id. at 85 (citation omitted)(emphasis added).

Whether IBEW 503 possesses the requisite standing now, or whether retiree consent is required is an issue for the arbitrator, not this Court. See id. at 85; see also Cleveland Elec. Illuminating Co. v. Util. Workers Union of Am., 440 F.3d 809, 818 (6th Cir. 2006) ("It is not this court's responsibility, however, to define the consent requirement for the parties. The arbitrator is in a much better position to establish the consent guidelines."). It is noteworthy that FRONTIER concedes the grievance is arbitrable under the terms of the CBA. See Pl. Mem. at p. 5.

2

FRONTIER also contends that retirees are not "employees" under the CBA because they are not "employed by the employer." Pl.. Mem. at 6 – 8. IBEW 503 disagrees with FRONTIER'S interpretation of the terms of the CBA. Consequently, the interpretation of CBA's terms with respect to whether retirees are included is an issue for an arbitrator, not this Court. See AT&T Technologies, Inc. v. Comm. Workers of America et al., 475 U.S. 643 at 657 (1986) (The "presumption of arbitrability for labor disputes recognizes the greater institutional competence of arbitrators in interpreting collective-bargaining agreements, 'furthers the national labor policy of peaceful resolution of labor disputes and thus best accords with the parties' presumed objectives in pursuing collective bargaining.'") (citations omitted). Therefore, IBEW 503 respectfully requests that this Court find that the disputed issues in this case should be decided by an arbitrator and FRONTIER'S Complaint should be dismissed.

## POINT II

## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THEY FAIL TO MEET THE STANDARDS ENTITLING THEM TO DECLARATORY AND INJUNCTIVE RELIEF

### A. Plaintiff fails to show why they are entitled to either a preliminary or permanent injunction

FRONTIER'S Opposition papers do not raise any arguments to refute Point III of Defendant IBEW 503'S Memorandum of Law which analyzes why FRONTIER is not entitled to a declaratory judgment nor injunctive relief. Rather, in a footnote, FRONTIER re-characterizes their demand for relief as a permanent, rather than preliminary injunction. Declining to address FRONTIER'S failure to allege the factors necessary for a right to injunctive relief in their Complaint, in a footnote, FRONTIER contends that they establish their entitlement to

3

declaratory and injunctive relief "[b]y explaining [IBEW 503'S] lack of standing to represent retirees without their explicit consent." Pl. Mem. at p.1, fn. 1.

FRONTIER'S redefinition of their relief sought does not relieve them of their burden to show that they are entitled to a preliminary or permanent injunction by alleging facts sufficient to state a plausible claim that there are grounds for this Court to grant relief. FRONTIER'S Complaint "requests that the Court stay the arbitration of the Grievance and enjoin Local 503 from seeking to arbitrate or otherwise pursue the Grievance *until such time as* Local 503 can establish that it has obtained explicit consent from any and all retirees whose interests it seeks to represent." Complaint ¶ 32 & "Relief Requested" (emphasis added). Although FRONTIER'S Complaint ambiguously requests "injunctive relief," failing to clarify whether the relief sought is preliminary or permanent, FRONTIER'S use of the phrase "until such time as" implies that the injunction sought on arbitration is temporary, i.e. "until such time as" LOCAL 503 obtains the alleged necessary standing from retirees.

Assuming *arguendo* that FRONTIER seeks permanent, rather than preliminary injunctive relief, FRONTIER nevertheless fails to allege the factors necessary for the Court to grant permanent injunctive relief. "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." Lusk v. Village of Cold Spring, 2007 U.S. App. LEXIS 3590 (2d. Cir 2007) at [*13] – [*14] (comparing standards for granting preliminary and permanent injunctions to plaintiff seeking to enjoin enforcement of town code provisions), quoting Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 546, fn. 12 (1987). A party seeking permanent injunctive relief must show the absence of an adequate remedy at law, irreparable harm if the relief is not granted, and actual success on the merits. See 325 Bleecker,

4

Inc. v. Local Union 747, United Bhd. Of Carpenters and Joiners of America, 500 F. Supp. 2d 110 (N.D.N.Y. 2007) (granting permanent injunction where movant showed threat of substantial harm and evidence of actual success on the merits), quoting New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1362 (2d Cir. 1989).

Additionally, the Supreme Court recently reiterated that:

> a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Ebay Inc. v. Mercexchange, L.L.C., 547 U.S. 388, 126 S. Ct. 1837 at 1839 (2006) (holding that the district court has equitable discretion to grant or deny injunctive relief and extending this exercise of discretion to patent disputes).

Notwithstanding FRONTIER'S failure to allege any of the above factors demonstrating an entitlement to injunctive relief in their Complaint or Memorandum in Opposition, no facts exist which would enable FRONTIER to make a plausible showing to the Court of an entitlement to a permanent injunction. See Complaint ¶¶ 1 – 32; see generally Pl. Mem. at pp. 1 – 11. FRONTIER does not allege irreparable harm and cannot demonstrate actual success on the merits. The instant dispute is a case of first impression in the Second Circuit and the Eastern District of California recently ruled against FRONTIER in a parallel case involving the same employer and similar issues. See IBEW Local 1245 v. Citizens Telecommunications Co. of CA d/b/a/ Frontier Communications, 2006 U.S. Dist. LEXIS 31157 (E.D. Ca. 2006) (9th Circuit appeal pending). Although some circuit courts have held that retiree consent is necessary for a union to have standing to enforce collective bargaining agreements on behalf of retirees, the facts of these cases are distinguishable from the instant action. See e.g. Rossetto v. Pabst

5

Brewing Co., Inc., 128 F.3d 538 (7th Cir. 1997) (holding that retiree consent was necessary because retirees had individual statutory claims under ERISA); Cleveland Elec. Illuminating Co., 440 F.3d at 817 (holding that the presumption of arbitrability applies to disputes over retiree benefits); Int'l Assn. Machinists & Aerospace Workers v. Goodrich Corp., 410 F.3d 204, 206 (5th Cir. 2005) (affirming that a union has standing to represent retirees under § 301 where union filed retirees' "representation authorization forms" in support of its motion for summary judgment); Crown Cork & Seal Co., Inc. v. Int'l Assn. of Machinists and Aerospace Workers, 501 F.3d 912 (8th Cir. 2007) (reasoning that the presumption of arbitrability did not apply because retiree benefits did not vest before agreement expired). Therefore, the likelihood of FRONTIER'S success is dubious and the actuality of FRONTIER'S success is illusory. This Court should grant IBEW 503'S motion to dismiss and deny FRONTIER'S demand for injunctive relief because they failed to allege facts showing the absence of an adequate remedy at law, irreparable harm and actual success on the merits in their Complaint and knowingly declined to address this issue in their Memorandum in Opposition. See Complaint & Pl. Mem. at p. 1, fn. 1.

### B. Plaintiff's Complaint should be dismissed for failure to demonstrate injury in fact or any contractual violation by Defendant IBEW 503

Furthermore, FRONTIER has not demonstrated an injury in fact as required by Article III of the U.S. Constitution to invoke the jurisdictional standing to pursue this action before this Court. See United States v. Vasquez, 145 F.3d 74, 80 (2d Cir. 1998) (requiring every federal plaintiff to establish: (1) injury in fact; (2) causal connection between injury and conduct complained of; and (3) likelihood that the injury will be redressed by a favorable decision in order to satisfy constitutional requirement of standing), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 – 61 (1992). FRONTIER cites Section 301 of the Labor Management

Reporting Act ("LMRA"), 29 U.S.C. § 185 and the Declaratory Judgment Act, 28 U.S.C. § 2201, as bases for jurisdiction. See Complaint ¶¶ 1 & 2. However, the Declaratory Judgment Act by itself is not a basis for subject matter jurisdiction and "there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." 325 Bleecker, Inc., 500 F. Supp. at 123, citing Correspondent Servs. Corp. v. First Equities Corp. of Florida, 442 F.3d 767, 769 (2d Cir. 2006). Section 301(a) of the LMRA authorizes "suits for violation of contracts between an employer and a labor organization ...." 29 U.S.C. § 185(a). FRONTIER'S Complaint does not allege any contractual violation by IBEW 503 entitling them to invoke Section 301 jurisdiction. As FRONTIER does not allege that IBEW 503 violated the CBA and cannot allege an injury in fact, FRONTIER'S Complaint fails to state a cause of action and should be dismissed in its entirety.

Moreover, FRONTIER'S argument raised in their Opposition, namely that IBEW 503 does not represent retirees, is inconsistent with their assertion of federal jurisdiction under LMRA Section 301. Section 301(b) states that "any such labor organization may sue or be sued as an entity and in *behalf of the employees whom it represents*." 29 U.S.C. § 185(b) (emphasis added). Assuming *arguendo* that FRONTIER is correct in their contention that "employees" do not include retirees, then FRONTIER cannot assert jurisdiction over IBEW 503 in connection with the retirees' grievance invoking Section 301(b), because Section 301(b) allows IBEW 503 to be sued only on "behalf of the employees whom it represents." See 29 U.S.C. § 185(b); see also Goodrich, 410 F.3d at 211 – 12. FRONTIER cannot argue for a narrow definition of "employees" in connection with IBEW 503's representational authority regarding the CBA and reap the benefit of a broad definition of "employees" in the scope of IBEW 503's

7

representational capacity to be sued. FRONTIER is not entitled to declaratory relief as there is no justiciable case or controversy and their Complaint must be dismissed in its entirety.

## CONCLUSION

For all of the foregoing reasons, Defendant IBEW 503 respectfully requests that their motion for an order dismissing the Complaint against them for failure to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6) be granted in its entirety, together with such other and further relief as the Court seems just and proper.

Dated: New York, New York
       February 22, 2008

                                  Respectfully submitted,

                                  HOLM & O'HARA LLP
                                  *Attorneys for Defendants*
                                  *International Brotherhood of Electrical*
                                  *Workers, AFL-CIO, Local Union 503*

                                  By: s/Vincent F. O'Hara
                                      Vincent F. O'Hara
                                      Marion M. Lim
                                      3 West 35th Street, 9th Floor
                                      New York, New York 10001
                                      (212) 682-2280

TO:    Thomas M. Beck, Esq.
         JONES DAY
         *Attorneys for Plaintiff Frontier*
         *Communications of New York, Inc.*
         51 Louisiana Avenue, N.W.
         Washington, D.C. 20001
         (202) 879-3939

         Wendy C. Butler, Esq.
         JONES DAY
         *Attorneys for Plaintiff Frontier*
         *Communications of New York, Inc.*
         222 East 41st Street
         New York, New York 10017
         (212) 326-3939