UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
FRONTIER COMMUNICATIONS OF             :
NEW YORK, INC.                         :
                                       :
                     Plaintiff,   :  **ANSWER WITH**
                                       :  **AFFIRMATIVE DEFENSES**
      - against -                    :
                                       :
INTERNATIONAL BROTHERHOOD OF ELECTRICAL : 07-CV-10327
WORKERS, AFL-CIO, LOCAL UNION 503,     : (Lynch, J.)
                                       : (Eaton, M.J.)
                    Defendant.   :
                                       :
---------------------------------------- x

        Defendant International Brotherhood of Electrical Workers, AFL-CIO, Local Union 503 ("LOCAL 503"), by their attorneys, Holm & O'Hara LLP, hereby answer the Plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

    1.    Defendant admits allegations in paragraph "1."

    2.    Defendant admits jurisdiction based on 28 U.S.C. § 1331 and denies the remaining allegations in paragraph "2."

    3.    Defendant admits the allegations in paragraph "3."

### PARTIES

    4.    Defendant admits the allegations in paragraph "4."

    5.    Defendant admits the allegations in paragraph "5."

### FACTS

#### Applicable Collective Bargaining Provisions

    6.    Defendant admits the allegations in paragraph "6" and refers the Court to the

document for its terms.

7. Defendant admits that Article 3.2 of the CBA states that "[t]he term "Employee" as used in this Agreement shall mean employees governed by this Agreement and for whom the Union is the recognized collective bargaining representative," denies the remaining allegations in paragraph "7" and refers the Court to the document for its terms.

8. Defendant denies the allegations in paragraph "8."

9. Defendant denies the allegations in paragraph "9."

10. Defendant admits the allegations in paragraph "10."

11. Defendant admits that Article 29 states ". . . any grievance which may arise between the Union or any employee in the Bargaining Unit and the Company . . .," but denies the remaining allegations in paragraph "11."

12. Defendant denies the allegations in paragraph "12."

13. Defendant denies the allegations in paragraph "13."

14. Defendant denies the allegations in paragraph "14."

15. Defendant denies the allegations in paragraph "15."

16. Defendant denies the allegations in paragraph "16."

17. Defendant admits that Article 28 of the CBA is entitled "Pension Insurance," but denies the remaining allegations in paragraph "17" and refers the Court to the document for its terms.

## LOCAL 503'S Grievance

18. Defendant admits the allegations in paragraph "18."

19. Defendant admits the allegations in paragraph "19."

20. Defendant admits the allegations in paragraph "20" and refers the Court to the

document for its terms.

21. Defendant admits the allegations in paragraph "21" and refers the Court to the document for its terms.

22. Defendant admits the allegations in paragraph "22" and refers the Court to the document for its terms.

23. Defendant admits the allegations in paragraph "23."

24. Defendant denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph "24."

25. Defendant admits the allegations in paragraph "25."

## COUNT ONE
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

26. Defendant repeats and realleges the responses to paragraphs "1" through "25" of the Complaint.

27. Defendant denies the allegations in paragraph "27" and refers the Court to the document for its terms.

28. Defendant admits and avers that LOCAL 503 represents the retirees affected the changes to retiree medical benefits that are the subject of LOCAL 503'S grievance, but denies knowledge and information sufficient to form a belief as to the remaining allegations in paragraph "28."

29. Defendant denies the allegations in paragraph "29."

30. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "30."

31. Defendant denies the allegations in paragraph "31."

32. Paragraph "32" of the Complaint contains a prayer for relief and no allegations

which require Defendant's response.

### AS AND FOR DEFNEDANT'S FIRST AFFIRMATIVE DEFENSE

33.     The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

34.     The Complaint lacks subject matter jurisdiction.

### AS AND FOR THE UNION'S THIRD AFFIRMATIVE DEFENSE

35.     The instant dispute must be submitted to arbitration pursuant to the terms of the CBA and therefore, is not properly before this Court.

WHEREFORE, Defendant LOCAL 503, respectfully demands judgment dismissing the Complaint against them entirely, and further respectfully demands judgment awarding Defendant LOCAL 503, fees, costs and disbursements, and such other relief as the Court may deem just and proper.

Dated: New York, New York

    April 1, 2008

                        HOLM & O'HARA LLP
                        *Attorneys for Defendants*
                        *International Brotherhood of Electrical Workers, AFL-CIO, Local Union 503*

                        By: /s/ Vincent F. O'Hara
                            Vincent F. O'Hara
                            Marion M. Lim
                            3 West 35th Street, 9th Floor
                            New York, New York 10001
                            (212) 682-2280

TO:    Thomas M. Beck, Esq.
        JONES DAY
        *Attorneys for Plaintiff Frontier Communications of New York, Inc.*
        51 Louisiana Avenue, N.W.
        Washington, D.C. 20001
        (202) 879-3939

        Wendy C. Butler, Esq.
        JONES DAY
        *Attorneys for Plaintiff Frontier Communications of New York, Inc.*
        222 East 41st Street
        New York, New York 10017
        (212) 326-3939

L:\VFO\IBEW-503\4503.073\Pleadings\Answer.doc